IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-08-565 |
| | | Civil Action No. RDB-16-1751 |
| RAY BLANKS, | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This case arises out of events in Cumberland, Maryland, on the evening of June 28, 2008. Petitioner Ray Blanks, along with Danny Jones and a third accomplice, drove to Cumberland from Petersburg, Virginia, and entered the family home of a man and a woman and her two children, demanding money and drugs. Using handguns, Blanks and his accomplices beat and bloodied the man.

Blanks was indicted by Grand Jury on five counts: (1) conspiracy to interfere with commerce by robbery and extortion in violation of 18 U.S.C. § 1951(a); (2) interference with commerce by robbery in violation of 18 U.S.C. § 1951(a); (3) conspiracy to possess firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(o); (4) use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); and (5) knowing and unlawful possession of a firearm by a forbidden person, in violation of 18 U.S.C. 922(g)(1). (Indictment, ECF No. 1.) On July 10, 2009, a jury convicted Blanks on all counts. (ECF No. 104.) On November 23, 2009, this Court sentenced Blanks to a total of 240 months of imprisonment. (ECF No. 141.)

Blanks filed a timely notice of appeal of this Court's Judgment on November 20, 2009. (ECF No. 139.) After his appeal was denied by the Fourth Circuit, Blanks commenced the filing of various mitigating motions with this Court. Pending before this Court are four motions filed by Blanks: a Motion to Vacate Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") (ECF No. 312); a Motion to Supplement the § 2255 Motion (ECF No. 333); a corrected Motion to Supplement the § 2255 Motion (ECF No. 335); and a Motion for Compassionate Release (ECF No. 380).

While Blanks's § 2255 Motion was previously held in abeyance pending the Fourth Circuit's decision in *United States v. Pyos*, No. 17-4269, 2022 U.S. App. LEXIS 34288, 2022 WL 17592130 (4th Cir. Dec. 13, 2022), (ECF No. 374), that case has now been resolved. As such, it is no longer appropriate to hold Blanks's pending § 2255 Motion in abeyance. The Government has not responded to Blanks's Motion for Compassionate Release (ECF No. 380.) However, this Court determines that a response is not necessary. Additionally, the motions will be decided on the memoranda without a hearing. Loc. R. 105.6 (D. Md. 2023). For the reasons discussed below, (1) Petitioner Ray Blanks's Motion to Supplement his § 2255 Motion (ECF No. 333) is **GRANTED**; (2) Blanks's corrected Motion to Supplement his § 2255 Motion (ECF No. 335) is **GRANTED**; Blanks's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 312) is **DENIED**; and (4) Blanks's Motion for Compassionate Release (ECF No. 380) is **DENIED**.

## BACKGROUND

On the evening of June 24, 2008, Petitioner Ray Blanks and two others, Corey Adams and Danny Jones, drove from Petersburg, Virginia, to a private residence in Cumberland,

Maryland, where Samuel Butler lived with his girlfriend, Christi Elliot, and Elliot's nineteen-year-old son, Nathan Elliot, and twelve-year-old daughter. (ECF No. 300 at 2.) Blanks and Jones awakened Nathan and held him at gunpoint, demanding that Nathan tell them where Butler was. (*Id.*) Next, Blanks and Jones searched for money while dragging Nathan around the house at gunpoint. (*Id.* at 2–3.) The two then forced Nathan to lie face down on the floor as they continued their search. (*Id.* at 3.) Shortly thereafter, Elliot returned to the house where Blanks and Jones attacked her, demanding money and drugs. (*Id.*) As Nathan remained lying face down on the first floor, Blanks and Jones took Elliot upstairs and strip-searched her, finding money and drugs on her body. (*Id.*) The pair then forced Elliot to call Butler to ask him to come home, but Elliot was unable to reach him. (*Id.*) Shortly before 9:00 a.m. the next day, Butler walked into the residence; Blanks and Jones immediately beat Butler with their handguns. (*Id.*) Butler managed to retrieve his own handgun from the sofa and proceeded to fire two shots at Blanks and Jones, missing them both. (*Id.*) The pair then fled through the back door of the home and ran down the alley. (*Id.*) Butler fired three more shots, striking Jones twice. (*Id.*) Bleeding heavily, Butler collapsed in the street as Blanks, Jones, and Adams fled by car. (*Id.*)

On December 9, 2008, a federal grand jury indicted Blanks and co-defendants Jones and Adams. (Indictment, ECF No. 1.) On July 10, 2009, a jury convicted Blanks of five counts: (1) conspiracy to interfere with commerce by robbery and extortion in violation of 18 U.S.C. § 1951(a); (2) interference with commerce by robbery in violation of 18 U.S.C. § 1951(a); (3) conspiracy to possess firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(o); (4) use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C.

§ 924(c); and (5) knowing and unlawful possession of a firearm by a forbidden person, in violation of 18 U.S.C. 922(g)(1). This Court sentenced Petitioner to a total of two-hundred and forty (240) months' incarceration as a result of his convictions—125 concurrent months for each of Counts One, Two, Three, and Five, and 115 consecutive months for Count Four. (ECF No. 141.)

Blanks appealed his conviction to the United States Court of Appeals for the Fourth Circuit (ECF No. 139), arguing that this Court impermissibly enhanced his sentence for brandishing a firearm with respect to his § 924(c) conviction (Count Four) and that his rights under the Speedy Trial Act were violated[1]. Blanks's convictions and sentences were affirmed on appeal. (ECF No. 262.)

On January 2, 2013, Blanks filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 269.) In that motion, Blanks argued that his trial counsel was ineffective due to its failure to challenge the constitutionality of the United States Sentencing Guidelines as applied under the Sixth Amendment to the U.S. Constitution, as well as for failing to object to the sufficiency of the indictment and the constitutionality of 18 U.S.C. § 1951(a) as applied under the Fifth and Sixth Amendments. (*Id.*) This Court denied Blanks's Motion to Vacate on April 6, 2015. (ECF No. 300.) Blanks then filed a second Motion to Vacate under 28 U.S.C. § 2255 ("§ 2255 Motion") on May 31, 2016, arguing that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), mandates a vacatur of Blanks's sentence. (ECF No. 312.) Blanks filed a Motion to Supplement his § 2255 Motion on August 16, 2019, to address the Supreme Court's

---

[1] The Speedy Trial Act of 1974, codified as 18 U.S.C. § 3161 *et seq.*, governs the time allowed between indictment and trial.

decision in *United States v. Davis*, 588 U.S. 455 (2019), which rendered the residual clause of 18 U.S.C. § 924(c)(3) void for vagueness. (ECF No. 333.) Blanks then filed a corrected Motion to Supplement his § 2255 Motion that same day. (ECF No. 335.) The Government filed its response on September 13, 2019. (ECF No. 343.) Blanks replied to the Government's response on September 17, 2019, (ECF No. 345), and filed a corrected response (ECF No. 348) that same day. On February 13, 2020, Blanks filed a motion to hold his § 2255 Motion in abeyance pending a ruling in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). (ECF No. 354.) This Court granted that motion the next day. (ECF No. 357.) In the wake of the Supreme Court's decision in *United States v. Greer*, 141 S. Ct. 2090 (2021) (holding that when a judge fails to advise a defendant or the jury of the knowledge element under the § 922(g) felon-in-possession statute, the defendant carries the burden of demonstrating actual prejudice), Blanks's attorneys filed a Motion to Withdraw as Counsel regarding Blanks's pending § 2255 Motion. (ECF No. 365.) This Court granted that motion on April 25, 2022, the same day it was filed. (ECF No. 366.) Blanks then filed a motion on September 20, 2022, to hold his § 2255 motion in abeyance pending a ruling in *United States v. Pyos*, No. 17-4269, 2022 U.S. App. LEXIS 34288 (4th Cir. Dec. 13, 2022). (ECF No. 374.) This Court granted that motion that same day. (ECF No. 376.)

With the above § 2255 Motion and related motions still pending, on August 21, 2023, Blanks filed a *pro se* Motion for Compassionate Release, arguing that his situation presents "extraordinary and compelling reasons" for a sentence reduction, that the § 3553(a) sentencing factors favor such a reduction, and that indeed his sentence would be substantially less if he were sentenced today, creating a sentencing disparity that must be rectified. (ECF No. 380.)

On September 21, 2023, the federal public defender's office declined to represent Blanks regarding his Motion for Compassionate Release. (ECF No. 382.)

While the Government has not responded to the recently filed Motion for Compassionate Release, no response is necessary. Additionally, the pending motions may be decided on the memoranda without a hearing. Loc. R. 105.6. The motions (ECF Nos. 312, 333, 335, 380) are ripe for review.

## STANDARD OF REVIEW

### I. Motions to Supplement § 2255 Motion

Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The standard is liberal in favor of granting such motions. *See, e.g.*, *Ford v. United States*, Nos. RDB-09-219, RDB-16-2308, 2024 U.S. Dist. LEXIS 116197, at *21 (D. Md. July 2, 2024); *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) ("[L]eave should be freely granted, and should be denied only where good reason exists . . . such as prejudice to defendants." (internal quotation marks and citation omitted)). Where a motion to supplement is in the interests of justice, does not unduly prejudice either party, is not sought in bad faith, and falls within the scope of Rule 15(d), it is duly granted. *Clarke v. UFI, Inc.*, 98 F. Supp. 2d 320, 328 (E.D.N.Y. 2000).

### II. Motion to Vacate Under § 2255

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of

the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

It is well settled that a § 2255 motion is not a means to circumvent a proper ruling on appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). A § 2255 motion does not enable the defendant to "recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, in general, "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, a petitioner may raise novel claims only where the petitioner demonstrates both "cause" and "actual prejudice." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

**III.  Motion for Compassionate Release**

As Petitioner has filed his Motion for Compassionate Release *pro se*, his Motion will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First

7

Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a sentence reduction. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## ANALYSIS

### I.   Motions to Supplement § 2255 Motion (ECF Nos. 333, 335)

As noted above, the standard for granting a motion to supplement liberally favors the granting of such motions, "[o]n motion and reasonable notice." Fed. R. Civ. P. 15(d). Leave should be freely granted, save where a good reason exists not to grant it. *See Franks*, 313 F.3d at 198. Such reasons might include where the granting of the motion would unduly prejudice either party, where the motion is sought in bad faith, or where justice counsels against its granting. *See Clarke*, 98 F. Supp. 2d at 328.

Here, granting Petitioner's motion to supplement would not prejudice the Government. Additionally, the Government has not opposed the granting of the motion. There is no evidence that Petitioner filed the motion in bad faith. Indeed, Petitioner indisputably filed the motion to address case law which had arisen since Petitioner first filed the § 2255 Motion. Thus, Petitioner's Motion to Supplement the instant § 2255 Motion is

8

**GRANTED**.

## II. Motion to Vacate Sentence Under § 2255

Through the pending § 2255 Motion (ECF No. 312) and supplemental filings (ECF Nos. 333, 335), Blanks challenges his conviction under Counts Three and Four of the Indictment, which charged him respectively with conspiracy to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o), and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Section 924(c) prohibits possessing a firearm "during and in relation to" any federal "crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c) defines "crime of violence" as one "(A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "force clause"), or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3). In *United States v. Davis*, 588 U.S. 445 (2019), the Supreme Court held that the residual clause of § 924(c)(3) was unconstitutionally void for vagueness. Convictions and sentences based on the residual clause's definition of "crime of violence" are thus invalid. *Id.* at 448. In brief, Blanks contends that his 18 U.S.C. § 924(c) and § 924(o) convictions are infirm because the jury did not specify whether they rested on Hobbs Act conspiracy or substantive Hobbs Act robbery. As such, it is alleged that this Court must assume the predicate is the lesser of the two offenses, Hobbs Act conspiracy. (ECF No. 310 at 2 n.1.) Because Hobbs Act conspiracy does not qualify as a crime of violence under the force clause of § 924(c)(3), and because convictions under the

9

residual clause alone have been deemed unconstitutional, Petitioner argues that it follows that his sentence under Counts Three and Four must be vacated. (ECF Nos. 310, 334-1, 347.)

While it is true that in the wake of *Johnson v. United States*, 576 U.S. 591 (2015), and its progeny the Fourth Circuit has determined that conspiracy to commit Hobbs Act robbery is not a crime of violence for purposes of § 924(c), substantive Hobbs Act robbery continues to qualify as a valid § 924(c) predicate. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery is a crime of violence which "has as an element the use, attempted use, or threatened use of physical force" such that it falls within the "force clause" in § 924(c)(3)(A)); *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021), cert. denied, 142 S. Ct. 486 (2021); *United States v. Said*, 26 F.4th 653 (4th Cir. 2022); United *States v. Pyos*, 2022 U.S. App. LEXIS 34288, 2022 WL 17592130, at *2 (4th Cir. Dec. 13, 2022) (reaffirming that completed Hobbs Act robbery qualifies as a crime of violence under the force clause). Additionally, when a defendant's § 924(c) conviction is "expressly based on [both a] valid and invalid predicate," the conviction "remains sound." *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021); *United States v. Ogun*, No. 16-7450, 2022 U.S. App. LEXIS 7608, 2022 WL 843899, at *2 (4th Cir. Mar. 22, 2022) (citing *Crawley*, 2 F.4th at 263).

In other words, to remain valid, Blanks's § 924(c) and § 924(o) convictions must be predicated—at least in part—on substantive Hobbs Act robbery. After Blanks pleaded not guilty, the jury found Blanks guilty on both Count One, conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and Count Two, Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). The Verdict Form then states:

> If you find Ray Blanks . . . guilty as to Count One, Count Two,
> or both Counts One and Two, you may continue and render a
> verdict as to Count Three and Four.
> If, however, you find Ray Blanks . . . not guilty as to Count One
> and Count Two, you may skip Counts Three and Four.

(ECF No. 104.) As the jury found Blanks guilty as to both Counts One and Two, either of Counts One or Two alone could have served as valid predicate for convictions on Counts Three and Four, insofar as 18 U.S.C. § 924(c) allowed either offense to serve as a predicate for Blanks's § 924 convictions. As noted in *Crawley*, where a defendant's § 924(c) conviction is "expressly based on [both a] valid and invalid predicate," it "remains sound following *Johnson* and its progeny." 2 F.4th at 263. While *Johnson* and *Davis* have rendered the residual clause of § 924(c) void for vagueness, Blanks's substantive Hobbs Act robbery conviction in Count Two serves as an express, valid predicate.

In summary, despite Blanks's assertions to the contrary, this Court finds that Blanks's convictions on Counts Three and Four were validly predicated upon substantive Hobbs Act robbery. Blanks was found guilty of Hobbs Act robbery under Count Two. Such a conviction qualifies as a "crime of violence" within the meaning of § 924(c).

Having found that Blanks's § 924(c) and § 924(o) convictions were validly predicated on his substantive Hobbs Act robbery conviction, an offense that categorically qualifies as a crime of violence under the "force clause" in § 924(c)(3)(A) and remains a valid predicate, the Court upholds his convictions. Blanks asserts no other legitimate basis for collateral review under § 2255. Accordingly, his motion to vacate (ECF No. 254) is **DENIED**.

### III. Motion for Compassionate Release

As noted above, once the administrative exhaustion requirement is met, the granting or denial of a petitioner's motion for compassionate release hinges on a Court's finding of "extraordinary and compelling circumstances" to justify such a release, weighed against the sentencing factors of 18 U.S.C. § 3553(a).

### a. Blanks Satisfies the Administrative Exhaustion Requirement of 18 U.S.C. § 3582(c)(1)(A).

Blanks has demonstrated that he exhausted the administrative remedies prescribed in § 3582(c)(1)(A). One of the mandatory conditions laid out in § 3582(c)(1)(A) requires a petitioner to demonstrate that "[he] has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Here, Blanks's Motion for Compassionate Release states that he filed his motion more than 30 days after the Warden's receipt of his request for compassionate release. (ECF No. 380 at 3.) Blanks's request to the Warden is not included in this Court's records. The Warden's response to Blanks's request is dated August 14, 2023. (*Id.* at 1.) Blanks's Motion for Compassionate Release was filed on August 21, 2023. (*Id.*) Assuming arguendo that Blanks's request was received by the Warden prior to June 21, 2023, an assertion which the Government has not refuted, Blanks has satisfied the administrative exhaustion requirement prescribed in § 3582(c)(1)(A).

### b. Blanks Fails to Raise Extraordinary and Compelling Circumstances to Justify a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A).

Blanks fails to present extraordinary and compelling reasons to support his compassionate release. Under 18 U.S.C. § 3582(c)(1)(A), the United States Sentencing

12

Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). For example, the Commission has determined that the medical circumstances of a defendant can constitute an "extraordinary and compelling reason," where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B).

Courts' analyses regarding motions for compassionate release filed *pro se* were formerly unconstrained by the Sentencing Commission's guidelines and Bureau of Prison regulations. *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for compassionate release motions filed by a defendant in the wake of the First Step Act). However, amendments to U.S.S.G. § 1B1.13 in 2023 explicitly made the § 1B1.13 Policy Statement apply to such *pro se* motions. *See United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Taylor*, No. ELH-12-0570, 2023 U.S. Dist. LEXIS 222428, at *10 (D. Md. Dec. 14, 2023); *United States v. Robinson*, No. ELH-18-17, 2024 U.S. Dist. LEXIS 81817, at *14 (D. Md. May 6, 2024). As such, courts are now more constrained in determining what constitutes an "extraordinary and compelling" reason for compassionate release on motions filed *pro se* by a defendant: A court must now ensure that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Policy Statement declares in part that:

> Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of

imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)

(A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). The Policy Statement then offers six circumstances in which "extraordinary and compelling reasons" can be found. U.S.S.G. § 1B1.13(b). Importantly, "a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under [the] policy statement. U.S.S.G. § 1B1.13(c). The lone exception is outlined in U.S.S.G. § 1B1.13(b)(6): "A change in the law . . . may be considered . . . only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6).

Here, Blanks fails to demonstrate extraordinary and compelling reasons to support the granting of his motion for compassionate release. In his Motion for Compassionate Release, Blanks advances one major argument: that his motion should be granted because conspiracy to commit Hobbs Act robbery was the predicate offense for his § 924(c) conviction (Count Four), and the Supreme Court held in *United States v. Taylor*, 596 U.S. 845 (2022) that conspiracy to commit Hobbs Act robbery can no longer serve as a predicate offense for a § 924(c)

14

conviction. Blanks asserts that "under the recent change in the legal landscape, if [he] were sentenced today his sentence length would be substantially less."

The charge of conspiracy to commit Hobbs Act robbery set forth in Count One of the indictment was not the lone predicate offense for his Section 924(c) conviction. As discussed above, Blanks's conviction for substantive Hobbs Act robbery (Count Two) served as valid predicate for his § 924(c) conviction. Again, as noted in *Crawley*, where a defendant's § 924(c) conviction is "expressly based on [both a] valid and invalid predicate," it "remains sound following *Johnson* and its progeny." 2 F.4th at 263. Thus, the *Taylor* ruling did nothing to change the validity of Blanks's conviction under § 924(c).

And even if *Crawley* did not counsel for the upholding of Blanks's conviction—even if it were true that an interceding change in law meant that were Blanks to have been sentenced today, he would have faced a substantially shorter sentence—a change in law alone is not enough to mandate the granting of a motion for compassionate release. U.S.S.G. § 1B1.13(c). Indeed, Blanks would need to prove that he had received an unusually long sentence, that he has served at least ten years of that sentence, and that the relevant change in law produced a gross disparity between Blanks's current sentence and the sentence likely to be imposed when Blanks's motion was filed. *See* U.S.S.G. § 1B1.13(b)(6). This Court need not answer whether Blanks's situation satisfies this exception, as Blanks fails to direct this Court's attention to the existence of any change in law relevant to his pending motion.

Blanks thus fails to demonstrate extraordinary and compelling reasons which convince this court that granting his motion for compassionate release is merited. Thus, Blanks's Motion for Compassionate Release (ECF No. 367) is **DENIED**.

### c. The 18 U.S.C. § 3553(a) Factors Do Not Support Blanks's Early Release.

Even if Blanks had demonstrated extraordinary and compelling reasons to support the granting of his motion, the 18 U.S.C. § 3553(a) factors do not support Blanks's early release. Once a court has determined the existence of extraordinary and compelling reasons warranting a reduction in Blanks's sentence, it must consider whether a sentence reduction is consistent with the applicable 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2); *United States v. Robinson*, No. ELH-18-17, 2024 U.S. Dist. LEXIS 81817, at *12 (D. Md. May 6, 2024). These factors require this Court to consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed, [including] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct, to protect the public, and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment"; (3) "the kinds of sentences available"; (4) the applicable sentence and sentencing range; (5) "any pertinent policy statement," including those issued by the Sentencing Commission; (6) "the need to avoid unwarranted sentencing disparities among defendants with similar records"; and (7) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a).

A sentence reduction is inappropriate in the instant case after considering the § 3553(a) factors. Along with his accomplices, Blanks drove from central Virginia to northern Maryland to rob a man at his family's residence. Blanks and his accomplices held a gun to the man's girlfriend's son and the man's girlfriend, strip-searched the girlfriend, took money and drugs from the residence, and beat the man bloody when he came home the next morning. That the

man being robbed was a known drug dealer does not excuse such behavior. The nature and circumstances of the offense thus counsel for the denial of Blanks's motion for compassionate release.

Upholding Blanks's original sentence is also necessary to reflect the seriousness of the offense and promote respect for the law, to deter criminal conduct, and to protect the public. It is commendable that Blanks has maintained a work detail and a good disciplinary record while imprisoned. But Blanks was sentenced to 240 months in prison after thorough consideration of sentencing guidelines relevant to Blanks's crimes of conviction. It would make little sense to cut Blanks's sentence effectively in half merely because Blanks has demonstrated the strain of good behavior and responsibility in prison—rehabilitation—that his 240-month sentence was meant to encourage in the first place. Accordingly, Blanks's Motion for Compassionate Release (ECF No. 380) is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Supplement ECF No. 312 (ECF No. 333, 335) is **GRANTED**; Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 312) is **DENIED**; and Petitioner's Motion for Compassionate Release (ECF No. 380) is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant. *See Jackson v. United States*, No. PJM-12-421, 2012 WL 869080, at *1 (D. Md. Mar. 13, 2012). "A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where the court denies petitioner's motion on its merits, the petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463, U.S. 880, 893 n.4 (1983)). Because Blanks's motions provide no basis for issuance of a Certificate of Appealability, a Certificate of Appealability is **DENIED**.

A separate Order follows.

Dated: August 1, 2024

/s/
_____
Richard D. Bennett
United States Senior District Judge